UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **BERKLEY ASSURANCE COMPANY** | ) | |
| | ) | |
| Plaintiff, | ) | Case 4:18-cv02082 |
| | ) | |
| vs. | ) | |
| | ) | |
| **BMG SERVICE GROUP, LLC d/b/a/, THE BOULEVARD GRILL & BAR VENUE,** *et al* | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **BOULEVARD RE HOLDINGS LLC** | ) | |
| | ) | |
| Third-Party Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| **MIXON INSURANCE AGENCY, INC.** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### DEFENDANT MIXON INSURANCE AGENCY, INC.'S ANSWER TO THE THIRD-PARTY COMPLAINT

COMES NOW, Third Party Defendant Mixon Insurance Agency, Inc. ("**Defendant**"), by the through counsel, and for its Answer to the Third-Party Complaint state as follows to the Honorable Court:

### PARTIES AND JURISDICTION

1. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 1 of the Third-Party Complaint and, therefore, denies same.

2. Defendant admits the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Third-Party Complaint.

### FACTS COMMON TO ALL COUNTS

4. Defendant has insufficient information to admit or deny the allegations contained in

Paragraph 4 of the Third-Party Complaint and, therefore, denies same.

5. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 5 of the Third-Party Complaint and, therefore, denies same.

6. Defendant admits the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 7 of the Third-Party Complaint and, therefore, denies same.

8. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 8 of the Third-Party Complaint and, therefore, denies same.

9. Defendant denies the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Third-Party Complaint.

### COUNT I – NEGLIGENT FAILURE TO PROCURE INSURANCE

11. Defendant incorporates by reference its answers to Paragraphs 1 – 10 as if fully set forth herein.

12. Defendant denies the allegations contained in Paragraph 12 of the Third-Party Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Third-Party Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Third-Party Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Third-Party Complaint.

WHEREFORE, having fully answered, Third-Party Defendant Mixon Insurance Agency, Inc. prays that Third-Party Plaintiff be denied any relief sought in this Third-Party Complaint; that judgment be entered in favor of Third-Party Defendant and against Third-Party Plaintiff; and for such other and further orders as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT

16. Defendant incorporates by reference its answers to Paragraphs 1 – 10 as if fully set forth

herein.

17. Defendant denies the allegations contained in Paragraph 17 of the Third-Party Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Third-Party Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Third-Party Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Third-Party Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Third-Party Complaint.

WHEREFORE, having fully answered, Third-Party Defendant Mixon Insurance Agency, Inc. prays that Third-Party Plaintiff be denied any relief sought in this Third-Party Complaint; that judgment be entered in favor of Third-Party Defendant and against Third-Party Plaintiff; and for such other and further orders as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. For further answer and affirmative defense, Defendant states that Boulevard RE Holdings, LLC is not in privity with Defendant and Defendant owed no duty to an alleged third-party beneficiary under an alleged oral agreement.

2. For further answer and affirmative defense, Defendant states that Boulevard RE Holdings, LLC's claims, if any, are barred by waiver and/or estoppel in that BMG Service Group, LLC approved the application of insurance.

3. For further answer and affirmative defense, Defendant states that Boulevard RE Holdings, LLC is not and has never been a "mortgagee" as the "All Inclusive Agreement for Deed" is merely an installment contract and not a deed of trust or mortgage under Missouri law, was never recorded with the City of St. Louis Recorder of Deeds, and a Memorandum of Contract recorded on October 3, 2018 with the City of St. Louis Recorder of Deeds only identifies "Contract for Deed" dated June 23, 2018.

        Respectfully submitted,

        VATTEROTT HARRIS PC

        By:   /s/   Sarah M. Vatterott
        Sarah M. Vatterott, MO59785
        2458 Old Dorsett Road, Suite 230
        Maryland Heights, Missouri   63043
        (314) 770-2100
        (314) 770-9330 Fax
        svatterott@vhdklaw.com
        *Attorneys for Mixon Insurance Agency, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies and that a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF filing system for the United States District Court for the Eastern District of Missouri this 17th day of October, 2019, upon:

| | |
|---|---|
| Justin Summary<br>4542 W Pine Blvd,<br>St. Louis, MO 63108<br>*Attorney for Boulevard RE Holdings LLC* | Robert E. Jones<br>130 S. Bemiston, Suite 200<br>Clayton, MO 63105<br>*Attorney for Jon E. Fuhrer Company* |
| Lynn Hursh<br>2345 Grand Blvd, Suite 1500<br>Kansas City, MO 64108<br>*Attorney for Petitioner* | James R. Wyrsch<br>911 Washington Ave, Suite 211<br>St. Louis, MO 63101<br>*Attorney for Lucia Hevierova* |

        /s/ Sarah M. Vatterott