UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERKLEY ASSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-02082-SEP |
| | ) | |
| BMG SERVICE GROUP, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Berkley Assurance Company ("Berkley") and

Defendants Jon E. Fuhrer Company ("Fuhrer") and Lucia Hevierova's ("Hevierova")

(collectively, "MSJ Movants") Motion for Summary Judgment as to Defendant Boulevard RE

Holdings, LLC ("Boulevard RE"), Doc. [79].  The motion is fully briefed.  Docs. [80], [87], [90].

Three other fully briefed motions are also before the Court: Boulevard RE's Motion for

Leave to File Counterclaim, Docs. [89], [95], [97], Third Party Defendant Mixon Insurance

Agency's ("Mixon") Motion to Amend Case Management Order and Motion to Sever and/or For

Separate Trials, Docs. [94], [96], and Mixon's Motion to Consolidate, Docs. [105], [106], [107],

[108], [110].

For the reasons set forth below, the Motion for Summary Judgment is granted; the

Motion for Leave to File a Counterclaim is denied; the Motion to Amend, Sever, and/or For

Separate Trials is granted in part and denied in part; and the Motion to Consolidate is granted.

## I.    Factual Background

Boulevard RE owns the property located at 2543 N. Grand Avenue in St. Louis, Missouri

(the "Property").  Doc. [81] ¶ 1; Doc. [1-5].  On June 23, 2017, Boulevard RE entered into a

contract for deed with BMG Service Group, LLC ("BMG"), which operated a bar and grill and the Property, pursuant to which Boulevard RE agreed to sell the Property to BMG.  Doc. [81] ¶¶ 2, 11; Doc. [1-5].  The contract for deed provided that BMG would make monthly payments toward the purchase price of $1,275,000, and Boulevard RE would retain legal title to the Property until the balance of the purchase price was paid, which was set to occur in June 2047. Doc. [81] ¶ 3; Doc. [1-5] at 1-2.  The contract required that BMG procure and maintain, at its own expense, fire insurance in the amount of the purchase price, with the policy to be issued in Boulevard RE's name.  Doc. [81] ¶ 9; Doc. [1-5] at 3.  It was later discovered that BMG failed to obtain a policy of fire insurance issued in Boulevard RE's name.  Doc. [81] ¶ 10; Doc. [1-2].

Prior to entering into the contract for deed, on May 16, 2017, a commercial insurance application was sent to Verus Underwriting ("Verus"), an agency with underwriting authority for Berkley, on behalf of Mixon, BMG's agent.  Doc. [88] at 6-7 ¶¶ 1-2; Doc. [1-2] at 9; Doc. [93-4].  The application indicated that the Property, Liquor Liability, and Commercial General Liability sections were attached to the application.  Doc. [88] at 7 ¶ 3; Doc. [93-4].  There is a dispute among the parties as to whether Boulevard RE was to be listed as an additional insured for the entire policy or only for the Liquor Liability and Commercial General Liability sections. Doc. [93] at 11 ¶ 3; Doc. [93-4].[1]  An ACORD 140 "Property Section" was sent with the May 16th application, listing Fuhrer and Hevierova as loss payees.  Doc. [88] at 7 ¶ 4; Doc. [88-2].

The next day, on May 17th, Verus replied that the building insurance limits needed to be increased for the application to be considered.  Doc. [88] at 7 ¶ 5; Doc. [88-3].  Later that day, Verus received an email request to increase the building insurance limits as specified by Verus.

---

[1] For the purposes of this opinion, because the Court must construe all facts in the light most favorable to Boulevard RE, *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009), the Court presumes that Boulevard RE was to be listed as an additional insured for the entire policy.  That presumption does not change the Court's holding.

2

Doc. [88] at 7 ¶ 6; Doc. [88-3].  The following day, on May 18th, Verus replied to the request to

increase the building insurance limits, writing, "Please forward ACORD 140 for firm quote."

Doc. [88] at 8 ¶ 7; Doc. [88-4].  Later that day, a new ACORD 140 "Property Section" was sent

to Verus, reflecting the requested increased building insurance limits, this time listing no loss

payees and listing only Fuhrer as a mortgagee.  Doc. [88] at 8 ¶ 8; Doc. [88-5].  That document

did not indicate that Boulevard RE or Hevierova had any interest in the Property.  Doc. [88-5].

The same day, Verus emailed a quote for the policy in question, indicating that it was subject to

receipt and review of a signed and dated ACORD application, and making no mention of

additional insureds, mortgagees, or loss payees.  Doc. [88] at 8 ¶¶ 9-11; Doc. [88-6].  Berkley

issued the fire insurance policy (the "Policy") pursuant to this amended application and quote.

Doc. [81] ¶ 18; Doc. [81-1] ¶ 8.[2]

On June 30, 2017, Mixon sent BMG a detailed quote for the Policy.  Doc. [81] ¶ 19; Doc.

[81-2] at 3-13.  The quote identified BMG as named insured and Fuhrer as mortgagee.  Doc. [81-

2] at 3-13.  The same day, a request to bind insurance coverage was emailed to Verus, noting that

the request was subject to any changes noted in that message.  Doc. [88] at 8-9 ¶¶ 11-12; Doc.

[93-5].  The request stated that it was subject to the provided quotation and "inclusive of any

changes noted below."  Doc. [88] at 9 ¶ 13; Doc. [88-7].  The request included a new signed and

dated ACORD 125 "Commercial Insurance Application," which listed Boulevard RE as an

additional insured, as well as other documents created the prior month.  Doc. [93] at 13 ¶ 14;

Docs. [88-5], [88-9], [88-10].  Among these documents created in May was an ACORD 140

form dated May 18, 2017, which stated "see attached accord [sic] form 45" as a "Mortgagee"

---

[2] While Boulevard RE denies these facts in its responses to Berkley's Statement of Uncontroverted
Material Facts, Doc. [88] at 4 ¶ 18, its denials do not meet the requirements of Federal Rule of Civil
Procedure 56(c)(1)(A).  Boulevard RE's cited materials do not controvert the attestation from Berkley's
employee that the Policy was issued per the application and quotation of May 18, 2017.

under the "Additional Interests" section.  Doc. [88] at 9 ¶ 15; Doc. [88-9].  The attached ACORD 45 showed Boulevard RE as a loss payee and mortgagee and indicated that Boulevard RE was the "landlord."  Doc. [88] at 9 ¶ 16; Doc. [88-10].  The June 30, 2017, ACORD 125, which listed Boulevard RE as an additional insured, was the only signed and dated ACORD document received by Verus pertaining to the Policy.  Doc. [88] at 10 ¶ 17; Doc. [88-8].

On July 3, 2017, Verus responded to the email request to bind insurance.  Verus noted that it would need several more documents in order to bind the Policy.  Doc. [88] at 10 ¶ 18. Verus's response also attached a binder and policy.  Doc. [93] at 14-15 ¶ 18.  The Policy listed Fuhrer as holding the only additional interest.  *Id*.; Doc. [81] ¶ 14; Doc. [81-1].  While Hevierova is also a mortgagee, she was not listed as such on the Policy.  Doc. [81] ¶¶ 16-17.  The binder noted, among other things, that "[t]he coverages, terms and conditions may be different from those requested on your application," and that the recipient should "[c]arefully read all terms and conditions."  Doc. [93] at 14-15, ¶ 18; Docs. [93-6] and [93-7].  In response to that email, Verus received a response attaching a signed ACORD 125, Doc. [88] at 10 ¶ 19; Doc. [88-12], and on July 5, 2017, Verus noted internally that the signed document had been received and recorded. Doc. [88] at 10 ¶ 20; Doc. [88-13].

On June 30, 2018, the Property was destroyed by fire.  Doc. [81] ¶ 21; Doc. [1-7].  The Property would not have been destroyed by fire if the automatic sprinkler in the structure had been operative, which it was not.  Doc. [81] ¶¶ 22-24; Doc. [1-7].[3]

---

[3] While Boulevard RE denies these facts in its responses to Berkley's Statement of Uncontroverted Material Facts, Doc. [88] at 5 ¶¶ 22-24, its denials do not meet the requirements of Federal Rule of Civil Procedure 56(c)(1)(A)-(B).  Boulevard RE supports its denial with a citation to an unsworn letter from the managing member of BMG wherein he states that he personally has "no reason to believe that" the sprinkler was not working.  That statement does not controvert the sworn testimony of Berkley's experts. No party other than Berkley designated any expert on these topics, and the testimony of Berkley's experts remains uncontroverted.  *See* Plaintiff's Disclosure of Expert Witnesses, Doc. [93-2].

The Policy's Fire Protective Safeguard Endorsement required the named insured to maintain the automatic sprinkler system as a condition of insurance.  Doc. [81] ¶ 29; Doc. [1-2] at 56.  The Policy excludes coverage for loss by fire if the automatic sprinkler system is inoperative.  Doc. [81] ¶ 26; Doc. [1-2] at 56-57.  The Policy, including the declarations page, does not mention or define the term "additional insured."  Doc. [88] ¶ 21; Doc. [1-2].  "You," as that term is used in the Policy, refers to the named insured.  Doc. [81] ¶ 28; Doc. [1-2] at 12.

## II.    Procedural Background

On November 6, 2019, MSJ Movants filed their motion for summary judgment.  Doc. [79].  Boulevard RE filed its brief in opposition on December 6, 2019.  Doc. [87].  Six days later, on December 12, Boulevard RE filed its motion for leave to file a counterclaim against Berkley.  Doc. [89].  If granted leave, Boulevard RE will counterclaim one count of reformation, alleging that there was an agreement between BMG and Berkley that Boulevard RE was to be both an additional insured and a mortgagee on the insurance policy in question, and there was a mutual mistake in reducing their agreement to writing.  Doc. [89-1].

Boulevard RE has filed a Third-Party Petition in this case claiming that Boulevard RE instructed Mixon, through BMG, to identify Boulevard RE as a mortgagee on any policy issued to BMG insuring the Property, and Mixon failed to do so.  Doc. [61].  On December 19, 2019, Mixon moved the Court to amend the Case Management Order to afford it time to conduct discovery, as well as to sever and/or for a separate trial on the third-party claim.  Doc. [94].

This case was re-assigned to the undersigned on January 22, 2020.  Doc. [99].  The Court held a hearing in this case on April 2, 2020, which representatives of all parties attended.  Doc. [103].  On May 15, 2020, Mixon removed to federal court Hevierova's complaint against Mixon, which was filed originally in Missouri state court on March 5, 2020.  Notice of Removal at ¶ 1,

*Hevierova v. Mixon Insurance Agency, Inc.*, No. 4:20-cv-00650-JAR (May 15, 2020).
Hevierova alleges that she, like Boulevard RE, should have been identified as a mortgagee on
any policy issued to BMG insuring the Property, and that Mixon failed to do so.

## III. The Parties' Positions

### A. Motion for Summary Judgment

MSJ Movants argue that Boulevard RE is not an insured under the policy, and therefore it
is not entitled to proceeds from the Policy. Doc. [80] at 4-6. Indeed, it is undisputed that
Berkley never issued a policy providing casualty insurance coverage for the Property identifying
Boulevard RE as the named insured, and Boulevard RE has not, and cannot, show that it was a
party to the Policy. *Id*. at 5. MSJ Movants argue that, while Boulevard RE is the owner of the
Property and would have been able to procure a fire insurance policy covering its interest in the
Property, it did not do so. *Id*. at 6.

MSJ Movants further argue that Boulevard RE is not entitled to recover as a mortgagee
because it does not hold a mortgage on the Property and is not listed as a mortgagee on the
Policy. *Id*. MSJ Movants assert that Boulevard RE owns the Property and is a party to a
contract for deed with BMG, which is not equivalent to a mortgage interest. *Id*. Additionally,
the Policy provides that Berkley will pay for covered losses only to those mortgageholders who
are listed on the Policy's declarations page, which Boulevard RE is not. *Id*.[4]

Finally, MSJ Movants argue that, even if Boulevard RE were viewed as the named
insured or a mortgagee, it still would not be entitled to payment under the Policy. *Id*. at 7. If
Boulevard RE were viewed as the named insured, it would meet the definition of "you" in the

---

[4] The Policy appears to use the terms "mortgagee" and "mortgageholder" interchangeably. *Compare*
Doc. [1-2] at 42 (discussing payment of "mortgagee or other secured interest"), *with id*. at 23 (discussing
rights of "mortgageholder"). The parties do not argue that these two terms mean different things, and the
Court treats them as having the same meaning for the purposes of this Memorandum and Order.

Policy, which means it would be required to maintain the automatic sprinkler system.  *Id*.  Since the sprinkler system was inoperative, Boulevard RE would not be entitled to payment of the Policy as the named insured.  *Id*.  If Boulevard RE were viewed as a mortgagee, its claims would be based on materially false information in the application for insurance (status as "mortgagee") and claim for payment ("lender" for a "loan payoff"), which are material misrepresentations that would void the Policy and violate Missouri law.  *Id*. at 7-9.

Boulevard RE begins its brief in opposition to summary judgment arguing in support of reformation.  Doc. [87] at 4.  It asserts standing based on its alleged status as a third-party beneficiary.  *Id*.  It argues that the documents exchanged before issuance of the Policy indicate that there was a mutual agreement for it to be an additional insured and/or a mortgagee on the Policy, and the absence of Boulevard RE as an additional insured and/or a mortgagee indicates that the Policy does not incorporate the true intentions of the parties:  Berkley erred by not listing Boulevard RE as an additional insured and/or a mortgagee, and BMG and its agent Mixon erred by not reviewing the Policy to ensure that Boulevard RE was correctly listed.  *Id*. at 6-9.  Boulevard RE acknowledges that it did not plead reformation at any prior time in the case, but it argues that summary judgment is nonetheless inappropriate because reformation presents a theory that would permit recovery.  *Id*. at 5.

Boulevard RE argues that it would be entitled to recover as an additional insured or a mortgagee.  As an additional insured, the company could recover because the Fire Protective Safeguards endorsement requires only the *named* insured—not the additional insured—to maintain the automatic sprinkler system.  *Id*. at 7.  Alternatively, it argues that it is entitled to recover as a mortgagee because, "[f]or the purposes of insurance coverage, there is no distinction between a traditional mortgage and a contract for deed."  *Id*. at 9.  Boulevard RE asserts that it

has an insurable interest in the Property, and "[i]f Berkley did not want to insure a contract for deed, then it should have defined the particular ownership interest it intended to cover by its issuance of this policy at the outset." *Id*. at 10.

In their Reply, MSJ Movants argue that Boulevard RE has no standing to seek reformation, and even if it had standing, it has waived all defenses based on mistake by failing to plead them in its affirmative defenses.  Doc. [90] at 2-3.  They further argue that Boulevard RE's reformation arguments are futile because there was no mutual mistake of fact justifying reformation, and Boulevard RE's requested reformation would not change the coverage outcome.  *Id*. at 3-9.

During the April 2, 2020, hearing, MSJ Movants represented to the Court that, if their motion for summary judgment is granted, they are prepared to settle all other claims.

**B.  Motion for Leave to File Counterclaim**

While MSJ Movants' reply in support of summary judgment was pending, and several days after Boulevard RE first raised the argument of reformation based on mutual mistake in its opposition to summary judgment, Boulevard RE filed a motion seeking leave to file a counterclaim alleging reformation against Berkley.  Doc. [89].  Boulevard RE argues that the signed and dated application sent with the request to bind the Policy had named Boulevard RE as both an additional insured and a mortgagee, and that that application was never rejected by Berkley.  *Id*. at 1-2.  Boulevard RE also identifies subsequent correspondence from Berkley to Boulevard RE indicating that Berkley considered Boulevard RE to be an insured.  *Id*. at 2.

Berkley opposes the motion.  Doc. [95].  The Case Management Order required all parties to file any motions for leave to amend pleadings by August 2, 2019.  Doc. [46] ¶ 3. Berkley argues that Boulevard RE has failed to satisfy Rule 16's good-cause standard to amend

pleadings out of time because it did not diligently litigate this action, and that granting the

motion would cause undue prejudice to Berkley, because Boulevard RE filed its motion only

eight days prior to the close of discovery, and thus Berkley did not have time to conduct

discovery.  Doc. [95] at 2-3.  Berkley then raises similar arguments to those made in its motion

for summary judgment:

> (1) Boulevard RE lacks standing to seek reformation; (2) Boulevard RE has waived
> the affirmative defense of mutual mistake; (3) reforming the Policy to include
> Boulevard RE as an "additional insured" would be of no effect; and (4) reforming
> the Policy to include Boulevard RE as a mortgagee would be barred by the doctrine
> of illegality.

*Id*. at 4.

In its reply brief, Boulevard RE explains that it served its discovery requests to Berkley

on September 23, 2019, which was almost three months prior to the December 20, 2019, close of

discovery, and Berkley responded with a 1,339-page production on October 28, 2019.  Doc. [97]

at 1.  Boulevard RE reviewed the discovery production at the same time that it was formulating

its response to the motion for summary judgment, and it ultimately filed its motion for leave

within 45 days of receiving discovery from Berkley, which, Boulevard RE asserts, shows that it

was acting diligently.  *Id*. at 1-2.  Boulevard RE argues that Berkley would not be prejudiced

because the proposed counterclaim is based on Berkley's own documents, so it is not clear what

further discovery, if any, would be needed.  *Id*. at 2.

In response to Berkley's futility arguments, Boulevard RE first asserts that it has standing

as a third-party beneficiary because, when there is an allegation of mutual mistake, the Court

should look "outside of the policy document itself to determine the intent of the parties," *id*., and

that the documents submitted related to the summary judgment motion make clear that the

parties' intent was to include Boulevard RE in the Policy.  Next, Boulevard RE argues that it did

not waive its claim for mutual mistake because at the time it filed its Answer, Boulevard RE had no way of knowing why it was not listed on the Policy, since it was not a party to the Policy and did not have any of the insurance application documents or correspondence relating to the Policy—it obtained all of that information during discovery. *Id*. at 3. Third, Boulevard RE argues that the Policy's fire safety endorsement applies only to the *named* insured, so if Boulevard were listed as an *additional* insured, it would not be subject to the endorsement. *Id*. at 3-4. Finally, Boulevard RE argues that it should be regarded as a mortgagee because it has an insurable interest in the Property. *Id*. at 4.

### C. Motion to Amend Case Management Order and Motion to Sever and/or For Separate Trials

Third-Party Defendant Mixon filed its motion on December 19, 2019, seeking various forms of relief. Doc. [94]. First, Mixon requests the Court modify the CMO to allow Mixon the opportunity to designate experts and complete discovery, since it entered the case relatively late in the process, so it did not have time to conduct fulsome discovery. *Id*. at 1-3. Next, Mixon requests the Court sever and/or separate the third-party claims for trial because Berkley's claims against Boulevard RE (coverage dispute) and Boulevard RE's claims against Mixon (negligent procurement) "involve separate and distinct issues and do not involve common questions of fact or law," and if Boulevard RE prevails against Berkley, then Boulevard RE's claims against Mixon are moot. *Id*. at 4. Further, Mixon believes that proceeding with trial simultaneously on the two issues would result in confusion and unnecessary time and expense for all parties involved. *Id*.

Berkley was the only party to file a response to Mixon's motion. Doc. [96]. Berkley does not object to the motion to sever and/or for separate trials. *Id.* ¶ 1. Nor does it oppose amendment of the CMO for the purpose of allowing Mixon to conduct discovery or designate

experts with respect to issues *directed toward Boulevard RE*.  *Id*. ¶ 5.  Berkley does object to any amendment that would allow Mixon to conduct discovery directed toward Berkley, or that would allow any further discovery related to the dispute between Berkley and Boulevard RE.  *Id.* ¶ 4.

## IV.  Motion for Summary Judgment

### A.  Legal Standard

Summary judgment is proper where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp*. *v*. *Catrett*, 477 U.S. 317, 323 (1986).  An issue is genuine only if it "is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v*. *Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A fact is material if a dispute over it would affect the outcome of the suit.  *Id*.

### B.  Boulevard RE is not entitled to recover as an insured.

Insurance policies are contracts.  *Blair By Snider v*. *Perry Cty*. *Mut*. *Ins*. *Co*., 118 S.W.3d 605, 606 (Mo. 2003).  The primary rule in interpreting a contract is "to ascertain the intent of the parties and then give effect to that intent."  *Lueckenotte v*. *Lueckenotte*, 34 S.W.3d 387, 395 (Mo. banc 2001) (citations and quotation marks omitted).  "When there is no ambiguity in the contract, the intent of the parties is to be gathered from [the contract] alone." *Id*. (citations and quotation marks omitted).  "Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, the policy will be enforced as written."  *Krombach v*. *Mayflower Ins*. *Co*.*, Ltd*., 827 S.W.2d 208, 210 (Mo. banc 1992).

"To recover under a fire insurance policy, a claimant must establish (1) that the insurance company issued its policy to the claimant on the property covering loss due [to] fire; (2) that

11

such property was damaged by fire; and (3) that the policy was in force on the date of the fire."
*Travers v. Universal Fire & Cas. Ins. Co.*, 34 S.W.3d 156, 160 (Mo. Ct. App. 2000).

It is undisputed that Boulevard RE is not listed as an insured under the Policy.  Doc. [81] ¶ 12.  Boulevard RE's name does not appear anywhere on the Policy.  Doc. [1-2].  Accordingly, Boulevard RE cannot satisfy the first requirement to recover under a fire insurance policy:  that Berkley issued the Policy to Boulevard RE on the Property.  *Billingsley v. Farmers Alliance Mutual Insurance Company*, 555 S.W.3d 1 (Mo. Ct. App. 2018), cited by MSJ Movants, is illustrative.  There, the owner of the properties at issue sought to collect on a fire insurance policy, but the insurance policy listed the plaintiff's sister as the named insured, and the defendant insisted that it had no contractual relationship with the plaintiff.  *Id.* at 2-3.  The court held that the plaintiff was not entitled to coverage because he was not an insured under the policy.  *Id.* at 3-4.  While the plaintiff owned the property, he was a stranger to the policy.

Boulevard RE would have been able to obtain a fire insurance policy covering its interest in the Property; indeed, there is evidence suggesting that it tried to do so.  But the uncontroverted facts establish that, at the time of the fire, the Policy at issue here did not cover Boulevard RE's interest.  Therefore, Boulevard RE is not entitled to recover under the Policy as an insured.

**C.  Boulevard RE is not entitled to recover as a mortgagee.**

Boulevard RE also seeks to recover under the Policy as a mortgagee, despite the fact that it does not hold a mortgage and is not listed as a mortgageholder.  That argument fails.

"Although a contract for deed and a mortgage serve similar economic functions, (i.e., the financing by the seller of real estate of an unpaid portion of the purchase price), **the purchaser under a contract for deed is not a mortgagor**."  *Long v. Smith*, 776 S.W.2d 409, 413 (Mo. Ct. App. 1989) (emphasis added).  If the purchaser is not a mortgagor, then the seller is not a

mortgagee, as "[a] 'mortgagee' has been defined as one who takes or receives a mortgage." 59 C.J.S. *Mortgages* § 116 (2020). "A contract for deed, also referred to as an installment land sale contract, is used as **a substitute or alternative** to a mortgage or deed of trust." *Long*, 776 S.W.2d at 413 (emphasis added).

Boulevard RE cites *Miller v. Nat'l Union Fire Ins. Co.*, 386 S.W.2d 668, 671 (Mo. Ct. App. 1964), for the proposition that, "[f]or the purposes of insurance coverage, there is no distinction between a traditional mortgage and contract for deed." Doc. [87] at 9. Boulevard RE overreads *Miller*. *Miller* does not deem mortgages and contracts for deed interchangeable for all insurance-related purposes. Rather, it draws an analogy between the two instruments in one factual scenario: where the buyer of real property is seeking standing to sue the seller's insurer after having contributed to premium payments. The *Miller* court concluded that the purchaser under a contract for deed who had made premium payments had standing to sue the seller's insurance company, just as a mortgagor who had made premium payments would have standing to sue a mortgagee's insurance company. *Miller*, 386 S.W.2d at 671. The facts of *Miller* are essentially the reverse of the facts of this case, where a *seller* (Boulevard RE) seeks to sue a *purchaser*'s (BMG's) insurance company *without* having contributed to insurance premiums.[5] Nothing in *Miller* answers that question in the context of either a mortgage or a contract for deed. And certainly nothing in *Miller* dictates that sellers under contracts for deed may legally be referred to as "mortgagees" in insurance policy contracts. In fact, Missouri courts have made clear that parties to a contract for deed are legally distinct from parties to a mortgage. *Long*, 776 S.W.2d at 413; *see also Kingfisher Hosp., Inc. v. Behmani*, 335 S.W.3d 486, 491-2 (Mo. Ct.

---

[5] Nowhere in the summary judgment briefing does anyone claim that Boulevard RE contributed to insurance premiums.

App. 2011) (refusing to treat contract for deed as mortgage).  It is telling that *Miller* is the closest Boulevard RE could come to case law supporting its argument to the contrary.

Regardless, even if Boulevard RE were in fact a mortgagee, it still would not be entitled to collect under the Policy as written.  As explained in Section IV(B), *supra*, a fire insurance policy is a contract, subject to the rules of contract interpretation.  The Policy unambiguously states that Berkley "will pay for covered loss of or damage to building or structures to *each mortgageholder shown in the Declarations* in their order of precedence, as interests may appear."  Doc. [1-2] at 23 (emphasis added).  Fuhrer is the only mortgageholder listed in the Policy's Declarations.  *Id*. at 9.  Therefore, by the Policy's plain terms, Fuhrer is the only entity to whom Berkley could conceivably owe payment as a mortgagee (or, in the Policy's terms, a mortgageholder).

Finally, Boulevard RE argues that it is entitled to collect under the Policy not because of the nature of its title but because it has an "insurable interest" in the Property.  Doc. [87] at 10. "[A] **prerequisite** to the enforcement of an insurance contract" is that "the insured have an insurable interest in property both at the time of making the contract and at the time of loss." *DeWitt v*. *American Family Mut*. *Ins*. *Co*., 667 S.W.2d 700, 704 (Mo. banc 1984) (emphasis added).  In other words, an insurable interest is a *necessary* condition to collect under the Policy. That does not mean that it is *sufficient*.  No one disputes that "Boulevard RE Holdings has been damaged by the destruction of its property."  Doc. [87] at 10.  Such damage alone, in the absence of an effective fire insurance policy, is not enough for any sort of recovery under a fire insurance policy.  *See Travers*, 34 S.W.3d at 160 (a claimant must hold an insurance policy covering loss due to fire in order to recover under a fire insurance policy).

14

The uncontroverted facts establish that Boulevard RE is not a mortgagee and is not listed on the Policy's Declarations as a mortgageholder.  Therefore, Boulevard RE is not entitled to collect as a mortgagee.

**D.  Reformation of the contract would not create a disputed issue of material fact.**

Boulevard opposes summary judgment on the grounds that it is a third-party beneficiary to the Policy between Berkley and BMG because the Policy was "intended to benefit Boulevard RE by making it an additional insured and mortgagee" on the Policy.  Doc. [89-1] at 6.  It seeks reformation of the fire insurance policy so that it "reflect[s] the true intentions of the parties to name Boulevard RE as an additional insured and mortgagee . . . ."  *Id*. at 7.  Reformation of the Policy in either way would not create a disputed issue of material fact, so summary judgment is proper.

As noted in the immediately preceding section, Boulevard RE is not, in fact, a mortgagee. *See* Section IV(C), *supra*.  Reformation of the Policy to name Boulevard RE as a mortgagee would therefore introduce an intentional material misrepresentation, violating Missouri law and voiding the contract.  *See Bearden v. Countryside Cas. Co.*, 352 S.W.2d 701, 707 (Mo. App. 1961) ("Representations regarding mortgages on the insured property are material as a matter of law."); Mo. Rev. Stat. § 375.991(2) (prohibiting presentation of materially false information in connection with procuring an insurance policy); *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, No. 4:04-CV-743-DJS, 2006 WL 2862145, at *1 (E.D. Mo. Oct. 4, 2006), *aff'd*, 563 F.3d 329 (8th Cir. 2009) ("Plaintiff's intentional material misrepresentation voided the insurance policy.").  Thus, reforming the Policy to list Boulevard RE as a mortgagee would not create a genuine dispute as to Boulevard RE's right to payment under the Policy.

15

Boulevard RE's attempt to seek reformation to be listed as an additional insured is a closer call, but it still fails.  Boulevard RE argues that reformation to name it as an *additional* insured would create a genuine dispute as to its right to payment under the Policy because an additional insured would not have been in violation of the Fire Protective Safeguard Endorsement.  "You" in the Policy is defined as the *named* insured.  Doc. [97] at 3-4 (citing Doc. [1-2] at 12).  And the Fire Protective Safeguard Endorsement refers to "you."  Doc. [1-2] at 56. Therefore, it requires only the *named* insured "to maintain the [fire suppression system]."  *Id.* Boulevard RE also points out that the insurance company must be notified of any problems with the fire suppression system lasting longer than 24 hours, *id.* at 57, and suggests that only the named insured would be in a position to make that notification.  Doc. [97] at 4.  Because only the named insured would be able to control the fire suppression system and would know whether it had any problems, Boulevard RE argues, it wouldn't make sense for the endorsement to apply to *additional* insureds.

Boulevard RE's argument is unavailing.  "[A] third-party beneficiary to a contract is subject to the same defenses as the original promisee."  *Herd v. Am. Sec. Ins. Co.*, No. 06–4284–CV–C–NKL, 556 F. Supp. 2d 992, 997 (W.D. Mo. 2008) (citing *Robbins v. Prosser's Moving & Storage Co.*, 700 F.2d 433, 436 (8th Cir. 1983), *aff'd and remanded sub nom. Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984)) ("The third party seeking to enforce the agreement is bound by the terms of the contract and subject to the same defenses as the original promisee would be.").  Here, BMG (the named insured, *see* Doc. [1-2] at 8) is the original promisee, and Boulevard RE claims to be a third-party beneficiary.  Thus, BMG's failure to maintain the fire suppression system and notify Berkley (the promisor) of problems with it would

16

operate to prevent Boulevard RE from collecting as an "additional insured" under the Policy in precisely the same manner as it would operate against BMG.

Although Boulevard RE argues that it would not be subject to the endorsement because only BMG would have control of the fire system and be able to notify Berkley, it cites no authority rebutting the case law stating the opposite.  Under *Herd* and *Robbins*, reformation of the Policy to make Boulevard RE an "additional insured" would not create a genuine dispute as to its right to payment under the Policy because Boulevard RE would be subject to (and precluded from recovering by) the Fire Protective Safeguard Endorsement.  *See Audio Odyssey, Ltd. v. United States*, 243 F. Supp. 2d 951, 969 (S.D. Iowa 2003), *aff'd*, 373 F.3d 870 (8th Cir. 2004) (quoting *Bituminous Coal Operators' Ass'n, Inc. v. Connors*, 867 F.2d 625, 632 (D.C. Cir. 1989)) ("[A] third party beneficiary that brings a contract claim steps into the shoes of the promisee and is therefore subject to any claim or defense that the promisor would have against the promisee."). *Cf. Waynesville Sec. Bank v. Stuyvesant Ins. Co.*, 499 S.W.2d 218, 220 (Mo. App. 1973) (denying recovery by mortgagee for fire damage where mortgagee was subject to same limitations as insured and had no notice or right to notice of insured's failure to renew insurance policy).  Accordingly, such reformation would be futile.

For all of the foregoing reasons, MSJ Movants' Motion for Summary Judgment is granted.

## V.     Motion for Leave to File Counterclaim

Shortly after filing its opposition to summary judgment, Boulevard RE filed a motion for leave to amend its Answer to assert a counterclaim seeking reformation of the Policy.  Doc. [89]. The proposed counterclaim, which was attached to the motion, includes one count for reformation.  Doc. [89-1].

Federal Rule of Civil Procedure 15(a)(2) dictates that "[t]he court should freely give leave [to amend pleadings] when justice so requires." However, a district court may deny leave to amend where such amendment would be futile. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003)) (applying Rule 15(a)(2) and noting that "[a] district court may appropriately deny leave to amend 'where there are compelling reasons such as . . . futility of the amendment'").

As discussed in Section IV(D), *supra*, even if the Court were to reform the Policy to list Boulevard RE as a mortgagee or additional insured, there still would be no genuine dispute as to its right to collect under the Policy. Therefore, its proposed amendment would be futile. Boulevard RE's Motion for Leave to File a Counterclaim is denied.

## VI. Motion to Amend Case Management Order and Motion to Sever and/or For Separate Trials

Third-Party Defendant Mixon has filed a Motion to Amend the Case Management Order to allow it time to conduct discovery on the claim asserted against it by Third-Party Plaintiff Boulevard RE. Doc. [94]. Additionally, in the same Motion, Mixon asks the Court to sever Boulevard's claims against Mixon in the interest of minimizing confusion and expense for all parties.

Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike [a] third-party claim, to sever it, or to try it separately." Rule 21 states that "[t]he court may also sever any claims against any party." Fed. R. Civ. P. 21. Whether to sever a claim lies within the district court's broad discretion. *Jones v. City of St. Louis*, 217 F.R.D. 490, 491 (E.D. Mo. 2003).

In light of the Court's ruling on the Motions for Summary Judgment and for Leave to File a Counterclaim, as well as the parties' representations to the Court regarding the imminence of settlement as to the original dispute, the Court finds that it would serve neither judicial economy nor the interests of the parties to amend the CMO. Rather, in order to facilitate the prompt resolution of both the original and third-party disputes, the Court will sever the third-party claim and schedule a new Rule 16 scheduling conference to create a new case management order for the resolution of the dispute between Boulevard RE and Mixon.

**VII.    Motion to Consolidate**

Finally, Mixon has filed a Motion to Consolidate this matter with *Lucia Hevierova v. Mixon Insurance Agency, Inc.*, Case No. 4:20-cv-00650-JAR. Doc. [105]. It argues that the cases share substantial common questions of law and fact: Both cases share parties in common (Hevierova and Mixon); they both arise from the same "occurrence," viz., the June 30, 2018 fire at the Property and the availability of insurance coverage under the Policy for this loss; and they share common questions regarding Mixon's actions taken to procure the Policy. Further, Heveriova's complaint pleads the same two counts as Boulevard RE's third-party complaint: negligent procurement of insurance and breach of contract. Doc. [106] at 5-6. Mixon also contends that consolidation will support convenience, economy, and efficiency for both the Court and the parties. *Id*. at 6-7.

Hevierova opposes the motion, arguing that there are no substantial similarities between her complaint and the principal complaint in this matter. Doc. [108] at 3. She argues further that, with regard to Boulevard RE's third-party complaint against Mixon, "while the claims are certainly similar at first blush . . . the underlying allegations are entirely distinct," *id*., because "[e]ach claim will depend on representations made separately to each Boulevard [RE] and Ms.

Hevierova regarding their separate interests under the policy, as well as the actions undertaken by Mixon as to each. . . . Whether Mixon did or did not make certain representations to Boulevard [RE] is simply irrelevant to whether Mixon told Ms. Hevierova that it would list her as a mortgagee on the policy." *Id*. at 4. Hevierova also argues that discovery will not be duplicative, and that the current scheduling order in this matter would not allow her an opportunity to conduct discovery. *Id*.

Berkley also filed a response to the motion, stating that it does not oppose the Motion to Consolidate as long as Mixon's Motion to Sever is also granted and the resolution of Berkley's declaratory judgment claim is not delayed. Doc. [107] at 2. Boulevard RE and Fuhrer did not take any position on the motion.

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." The Court has "broad discretion in deciding whether to order consolidation." *Dubray v. Amcol Sys., Inc*., No. 4:18-cv-01281-CDP, 2018 WL 6018753, at *1–2 (E.D. Mo. Nov. 16, 2018) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)). Consolidation is inappropriate where the "common issue is not central to the resolution of the cases, or if consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases." *Id*. (citing *Nekouee v. LVP DePaul, LLC*, No. 4:17-CV-01465-SPM, 2018 WL 3971951, at *2 (E.D. Mo. Aug. 20, 2018)).

Hevierova's complaint against Mixon and Boulevard RE's third-party complaint against Mixon share sufficient common questions of law and fact to merit granting the motion to consolidate the two complaints. While certain aspects of the two matters may be distinct, they share a sufficient nexus in fact and law to justify their consolidation. The two complaints plead

the same two counts, seeking similar relief against the same party for similar alleged omissions on the same insurance form.  While Hevierova and Boulevard RE had different interests in the Property, they both believe that they were entitled to be listed on the same ACORD 140.  The Mixon employees involved in filling out the contested ACORD 140 will be the same in both matters, and the documents involved will at least partially overlap.  Therefore, litigation of these disputes in the same matter will conserve the Court's and parties' resources and will prevent Mixon from being exposed to inconsistent adjudications.

However, as discussed in Section VI, *supra*, the Court is granting Mixon's Motion to Sever Boulevard RE's third-party complaint, and the efficiencies described above are predicated upon Hevierova's complaint traveling with that third-party claim.  Consolidating the two third-party claims into a new matter will also alleviate both third-party plaintiffs' concerns about complying with this matter's discovery deadlines.  Accordingly, the Court will consolidate Hevierova's complaint with Boulevard RE's now-severed complaint.

## VIII.   Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that MSJ Movants' Motion for Summary Judgment (Doc. [79]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Boulevard RE's Motion for Leave to File Counterclaim (Doc. [89]) is **DENIED.**

**IT IS FURTHER ORDERED** that Mixon's Motion to Amend Case Management Order and Motion to Sever and/or For Separate Trials (Doc. [94]) is **GRANTED** in part and **DENIED** in part.  The Clerk of Court shall open a new civil matter without fees and docket Boulevard RE's third-party complaint (Doc. [61]) and Mixon's answer (Doc. [75]) in the new matter.  The

attorneys of record for Boulevard RE and Mixon shall be added to the new matter.  The new matter shall be assigned to the undersigned.  An order will be issued setting a Rule 16 Conference in the new matter once it is opened.

**IT IS FINALLY ORDERED** that Mixon's Motion to Consolidate (Doc. [105]) is **GRANTED**, and *Lucia Hevierova v. Mixon Insurance Agency, Inc.*, Case No. 4:20-cv-00650-JAR, is consolidated with Boulevard RE's severed complaint against Mixon.  All future filings relating to Boulevard RE and Hevierova's claims against Mixon shall be filed in the new matter.

Dated this 21st day of September, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE